UNDERHILL *vs.* TAYLOR.

In an action for slander, the defendant cannot prove, in mitigation of damages, irritating and taunting language addressed to him by the father of the plaintiff, immediately previous to the uttering of the slanderous words.

Where on the joining of the issue, in an action before a justice of the peace, a person appeared in behalf of one of the parties, without objection, and without producing any evidence of his authority, but on the trial of the cause, such party appeared in person; *Held* that such appearance by the party was evidence of the authority of the person who joined the issue, to appear for him.

SLANDER, tried before WILLARD, C. Judge, at the Saratoga circuit in December, 1846.    A trial was had before a justice of the peace, between Abraham K. Underhill as plaintiff, and William V. R. Taylor as defendant; who is the defendant in this suit.    On that trial the plaintiff in this suit was a witness on the part of the plaintiff in that suit.    Soon after that trial, the defendant, in a conversation with William L. Taylor, said to him of the plaintiff, that he had sworn to a lie.    After the plaintiff had proved the speaking of the slanderous words, the counsel for the defendant offered to prove, as a circumstance tending to mitigate damages, " that immediately after the trial before the justice, and before the words charged were spoken, Abraham K. Underhill, the defendant in that suit, and the father and next friend of the plaintiff in this suit, addressed irritating and taunting language to the defendant Taylor, and said that he had good witnesses in his family."    The circuit judge excluded the evidence, and the counsel for the defendant excepted.    The jury found a verdict for the plaintiff.    And the defendant moved for a new trial, on a bill of exceptions.

*Wm. T. Odell,* for the plaintiff.

*John K. Porter,* for the defendant.

*By the Court,* CADY, P. J.    There was no error in the act of the judge in excluding the evidence offered in mitigation.

If Abraham K. Underhill did address irritating language to the defendant, it furnished the defendant with no apology, for afterwards, in a conversation with William V. R. Taylor, uttering slanderous words of the plaintiff. On the return of the summons before the justice, William V. R. Taylor, the plaintiff therein named, did not appear in person, but Hervey Edwards appeared for him, without objection, and joined issue with Abraham K. Underhill, the defendant in that suit; and on the trial the plaintiff appeared in person. After the evidence in this cause, on the part of the plaintiff, was closed, the defendant moved the judge to nonsuit the plaintiff; and assigned as cause for the motion, " that it appeared from the evidence, that the testimony of the plaintiff was extra-judicial; Taylor not having appeared in the cause before the justice on the joining of issue, and no evidence of Edwards' authority having been produced before the magistrate." The judge denied the motion, and the defendant's counsel excepted. The judge rightfully denied the motion. Taylor appeared in person on the trial of the issue, which Edwards had joined for him. This was abundant evidence that Edwards had authority to join the issue.

The motion for a new trial must be denied.

