## Thomas Botelar *vs.* Lewis Bell.

In an action for slander, the plaintiff may, in order to inflame the malice, give evidence of other declarations made by the defendant, even although made more than one year before the institution of the suit. The defendant in such action, may also, in mitigation of damages, give proof that the plaintiff has been in the practice of villifying him, and that he was influenced to use the language with which he is charged, by the abuse of the plaintiff, and they may be shown by the defendant's declaration. The jury is to determine whether the language which the defendant used, was used because of such provocation received from the plaintiff.

THIS appeal is brought from Washington county court, and is in an action of slander, brought by the appellee against the appellant. The words spoken, were, that the plaintiff below was insolvent, he at the time being a miller. The defendant pleaded the general issue, justification, and act of limitations. Verdict was for the plaintiff.

Exceptions by the defendant.

*1st. Exception.* Because the plaintiff was permitted to give to the jury, declarations at various times, and some of them more than twelve months before the institution of the suit, made by the defendant of the plaintiff in regard to the insolvency of the latter.

*2nd Exception.* The defendant to show previous provocation, and in mitigation of damages, offered proof that the defendant, at various times and in various places, for several years, had said that the defendant was broke, and used other opprobrious language of him. The court refused to let this evidence go to the jury.

The case was argued before LE GRAND, C. J., and ECCLESTON and TUCK, J.

By *Roman* and *Price* for the appellant, and *Miller* and *Jervis Spencer* for the appellee.

*Roman* for the appellant insisted, that when limitations would be a bar to an action for words, they could not be used for the purpose for which they are now offered by the plaintiff, to inflame the damages. He referred to 7 *Car. and Payne*, 371, 398, 621, as giving them a right to ask a reversal of the court's opinion expressed in the 2nd exception. Also, *Davis vs. Griffith*, 4 *G. & J.*, 342 and 6 *G. & J.*, 413.

*Miller* for the appellee:

There is a difference between actions brought for words, slanderous, *per se*, and others, where there is special damage. In the former, the words themselves imply malice, and in the latter, there must be especial injury proved. See 6 *G. & J.*, 418. The testimony was properly admitted to show malice.

The plea of limitations was improperly pleaded. It should have been that the cause of action did not accrue within one year, as the words are not actionable, *per se*. 1 *Starkie on Slander*, 420, 421.

The words relied on by the defendant, stated in the second exception, were all of them spoken more than one year before

the words for which the action is brought. He gave a reference to 8 *Wend.*, 602. *2nd Starkie Ev.*, *pp.* 1, 632. 2 *Green. Ev.*, *sec.* 418.

The defendant by pleading justification, excludes any evidence in mitigation of damages. 1 *Maul. and Sel.*, 287. *Smith vs. Snowden*, in a note, 15 *Mass.*, 57. 4 *Wend.*, 139. 7 *Cow.*, 613, 633. 2 *Stark. on Slander*, 89, *note.* 3 *Mass.*, 553. 6 *G. & J.*, 415.

The slanders offered in evidence in defence, must be connected with the slander charged. 2 *Starkie on Slander*, 94, 95. 4 *Wend*, 336. 2 *Green on Evid.*, *sec.* 275, 424. 6 *Munford*, 465.

*Spencer* for the appellee.

For the purpose of showing malice, the plaintiff offered in evidence certain declarations and charges made by the defendant against the plaintiff, more than a year before the suit was brought, which were admitted by the court, and the defendant appealed. The question presented by the first bill of exceptions is upon the competency of this proof.

It was not offered, or admitted by the court as substantive ground of action;—but only to prove malice. The proof, of course, must afford an inference of malice at the time of uttering the slander; but this is done by evidence of circumstances, either before or after; and we have not been able to find, that there is any statute of limitations against the proof. Suppose the case of one who had uttered *slanderous words, within one day of the statutory limit, and it could be proved, that the day before, the defendant had expressed virulent malice against the plaintiff; according to the view taken for the defendant, this would be excluded.* Can it be so? The cause of action is the only thing that the statute applies to—not the proof. 2 *Starkie's ev.*, 869, 2nd *Amer. Ed. Duvall vs. Griffith*, 2 *H. & G.*, 30. *Inman vs. Foster*, 8 *Wend.*, 602. Could not the plaintiff prove a long course of persevering malignity?

In the 2nd bill of exceptions it appears, that the defendant

offered to prove, that in 1845, Bell, the plaintiff, said Botelar was broke; that in 1846 and 1847, Bell made use of similar expressions, and intimated that the defendant would break his sister in the way he was going on; and that in 1848, the defendant was told of something Bell had said, which irritated him very much.—This testimony was rejected by the court, *unless the defendant could show, that he was influenced in using the language charged in the declaration, or proved in aggravation by the language, so offered to be proven;* and the question is upon the propriety of this decision.

On this point the defendant relied upon the authority of *Davis vs. Griffith,* 4 *G. & J.,* 342. Does that case sustain the position taken? There the libel expressly referred *to charges* made by the plaintiff against the defendant, and plainly showed, that those charges were the immediate occasion of the publication. The offer was to prove the direct provocation under which the defendant acted. If such an association could have been made in this case, between the slanderous words and the evidence, the court said the evidence was competent:— in which, we think, they erred against the plaintiff, as the defendant had plead the truth of the words in justification, which cut him out of evidence in mitigation. 4 *Wend.,* 139, 140. *Larned vs. Buffington,* 3 *Mass.,* 553. *Shelton vs. Simmons,* 12 *Ala.,* 466.

But without the plea of justification, such evidence could not be proper. It would occasion collateral issues, and produce infinite embarrassment. It would necessarily involve the question as to Botelar's circumstances and habits, at the time Bell made the statements:—for if what he said was true, it will hardly be contended, that it furnished Botelar an excuse for publishing fabricated slanders against Bell. Bell may have spoken the words perfectly innocently, and an issue, as to the circumstances under which they were said, would also be raised. Indeed the court would have to try two independent actions of slander instead of one; and we should have introduced a novel principle of set off, without even pleading it. One assault and battery could as well be

set off against another, when there is no connection. Or an assault and battery against a slander.

Suppose, by way of illustration, that one of vicious habits and broken down character, proclaims through the country that an honest, industrious miller, is broken, and ruins his business; the injured man sues for damages, and the defendant offers to prove, that at some time, without showing any association between the proof he attempts to give, and the charge made by himself against the plaintiff, the plaintiff had spoken as every one else may have done, of the probable result of the defendant's vicious life; of facts which may be notorious, but which the plaintiff cannot be prepared to prove, as he could not have anticipated such an issue. We think such evidence could not be allowed.

Neither could the law so far depart from the principles of beneficence, as to furnish men with inducements to harbor animosities, and allow them to be made excuses for fabricated slanders. So far from disproving malice, such evidence would prove it, in its most obnoxious character. Malice always springs from some cause. If it spring from circumstances not connected with the slander, it is deliberate; and when so malignant as to prompt the defendant to invent and circulate falsehoods, it becomes deadly.

If the defendant had been wronged, he could have had his action, in which the issues relating to his own circumstances would properly have arisen.

*Goodbread vs. Leadbitter*, 1 *Dev. and Bat.*, 12. *Steener vs. Beeler*, 1 *Miles*, 146. *Craig vs. Catlett*, 5 *Dana*, 323. *Maynard vs. Wardsley*, 7 *Wend.*, 560.

*Price* for the appellant.

On 2nd exception, referred to *2nd Phillips on Ev.*, 96, *note.* 2 *Starkie on Slander*, 94, *note* 1.

Here the words being spoken of a miller, are actionable *per se.*

The plaintiff was permitted to go back more than a year, to

23    v. 1

show malice by proof of words, which are supposed to show it. The defendant ought also to have the same right.

LE GRAND, C. J., delivered the opinion of the court.

This is an action of slander, brought by the appellee for word spoken by the appellant, imputing to him insolvency, he then conducting the business of a miller. The defendant pleaded the general issue, justification, and limitations. The action was brought on the 8th of August 1849.

The first question for the consideration of this court is, that presented by defendant's first exception. To inflame the malice, the county court permitted the plaintiff to give evidence of other declarations, made by the plaintiff more than a year prior to the institution of the suit; and the question is, did the county court err in so deciding? We think not. The statute of limitations does not apply to *evidence,* but to the *cause of action;* and, as malice is the gist of the action, it is competent for the plaintiff to establish it by showing the declarations of defendant, both before and after the speaking of the particular words which are laid in the declaration as the cause of action. There are instances in which the statute applies to evidence, such as in the case of bonds, but then this is owing entirely to the *express* language of the act, and not to the general principles of the law of evidence. We are of opinion the court rightfully admitted the testimony.

The second exception presents the question, how far the defendant is permitted, in mitigation of damages, to show that the plaintiff has been in the habit of villifying him? The county court, in the case before us, refused to allow the defendant to give evidence of the language of the plaintiff, "unless the defendant could show further, that *at the time* of the utterance of the language charged in the declaration, or proved upon trial, in aggravation of damages, or *about the time of uttering* the same, the defendant was influenced in uttering the same by the language so offered, to be given in proof."

The defendant proposed to prove, that from time to time,

from 1845 to July 1848, the plaintiff had imputed to him insolvency, and, particularly, that in July 1848, it was communicated to defendant, that the plaintiff had said he, the defendant, was broke, and that the defendant was very much irritated by the communication; and that defendant was frequently told of opprobrious language used towards him by the plaintiff, and was always irritated by it.

Apart from the declarations of the defendant himself, we do not see how it were possible for him to prove, directly, he was influenced to the use of the language with which he is charged, by that of the plaintiff. In the absence of his own declarations, it is matter to be inferred by the jury, from all the circumstances surrounding the case. The requirement, therefore, of the court that he should give such evidence, was such, as it was impossible to comply with.

The words charged in the declaration are alleged to have been spoken on the 20th of July 1848; and the communication made to the defendant by the witness Clagget, was made sometime in the same month. Under the rules of evidence, was such testimony admissible for the purpose for which it was offered? We think it was. We are aware it has been held in England, and in several of our States, that to enable the defendant to prove opprobrious language of the plaintiff by way of showing provocation, it is incumbent for him to have acted *immediately* under the irritated state of his feelings produced by the communication. Indeed, some of the decisions have gone so far, as to deny altogether the right of the defendant, to show he has been vilified by the plaintiff. See *May vs. Brown*, 3 *Bar. and Cres.*, 113. *McAlexander vs. Harris*, 6 *Munford*, 465. *Goodbread vs. Ledbetter*, 1 *Derereux and Battle*, 12. *Steerer vs. Beckler*, 1 *Miles*, 146.

But, Lord Chief Justice Denman, in the case of *Watts vs. Frazer and Moyes*, 7 *Carr. and Payne*, 369, held it to be competent for the defendant to give in evidence libels published *months* before the one charged on the defendant, to show a provocation for his conduct; his lordship observing, he would caution the jury not to take them as a set-off of one libel.

against another; but that, if the defendant published his arti-
cles under the provocation of a previous publication, they
might consider that, to a certain extent, the plaintiff had
brought the mischief upon himself.    There is a vast deal of
good sense in this view, and it is clearly promotive of the
ends of justice, which should be the aim and purpose of all
courts of judicature.    Surely the man who indulges in slan-
derous language towards another, when he has been provoked
to it by a long series of abuse, is less culpable in the eye of
the law and of morals than he, who from a fiendish dislike to
his fellow man, or from a spirit of idle gossip, invents slan-
ders against his neighbor.    And our courts have justly taken
this view.    In the case of *Wolcott vs. Rigden,* 6 *Gill and
John.,* this court allowed the defendant to give in evidence
all the attending circumstances, with the view to the mitiga-
tion of the damages; and in the case of *Davis vs. Griffith,* 4
*Gill and John.,* held, that the defendant, in mitigation of dam-
ages, might show opprobrious language of the plaintiff em-
ployed towards him prior to the libel sued upon.    In that
case it does not appear, when it was the plaintiff denounced
the defendant, but the facts show he was denounced because
of testimony given in the month of *March,* and the libel of
defendant was not published until the 25th of May following.
Looking to the spirit of these decisions and the good sense
which is their foundation, and the manifest justice of their
principles, fortified, as they are, by the high authority of the
learned late chief justice of England, we dissent from the
court below in its ruling on the second exception, and are of
opinion, that it was competent, in mitigation of damages, for
the defendant to show the manner of language held towards
him by the plaintiff; it being, of course, always a question
for the jury to determine, whether the language used by the
defendant was used because of the provocation offered by the
plaintiff, or was the result of mere wantonness and malicious-
ness of feeling, and corruption of heart.    Where the plaintiff
has provoked the slanderous words of the defendant, his
claim to damages ought to be diminished, to use the lan-

guage of the court in *Child vs. Homer*, 13 *Pick.*, 511, "Such a claim must be brought forward with a very bad grace, especially when the party complaining was the one who commenced the controversy."

*Judgment reversed and procedendo awarded.*