## RICHARDSON vs. NORTHRUP.

In an action for slander, the defendant, either before or since the Code of Procedure, could not prove, for the purpose of diminishing the plaintiff's damages, any act or declaration of the plaintiff against *him*, unless such act or declaration formed part of the *res gestæ*.

He could prove the general bad character of the plaintiff, and any circumstances which, at the time the words charged were spoken, were calculated to irritate and excite the defendant, and provoke him to the utterance of the words complained of; but it is no answer to the plaintiff's claim for damages for slander, that he has said or done anything against the defendant, whether actionable or not, for the purpose of reducing such damages; unless such act or declaration actually excited the defendant to use the words charged against him.

But, while it is true that a defendant may not prove an isolated act or declaration of the plaintiff, however aggravating, which took place at some time anterior to the speaking of the slanderous words, in mitigation thereof, and which, if proved, would legally show that the defendant, instead of being excited thereby, at the time of uttering the words charged, was rather actuated by a spirit of revenge; still, it does not follow that the defendant cannot prove a *series of provocations*, on the part of the plaintiff, commencing long anterior to the speaking of the words charged; provided they are continued from time to time down to and at the time the actionable words are uttered.

In such a case, each successive repetition of the provocation must necessarily become more annoying and exciting; and although there be no motive or spirit of revenge, on the part of the defendant, the excitement, at each repetition of the provocation, becomes more intense and unbearable, and pre-

sents a much stronger case of mitigation than when the actionable words are uttered upon the first provocation which he receives.   Per FOSTER, J.
But it must appear, in order to make such testimony competent, that the provocation was continued down to and at the time the words were spoken.

MOTION for a new trial, on the part of the plaintiff, upon bill of exceptions taken at the circuit and directed to be heard in the first instance at the general term.   The action was for slander, and the jury rendered a verdict for the plaintiff for six cents.

*Charles H. Doolittle,* for the plaintiff.

*Francis Kernan,* for the defendant.

*By the Court,* FOSTER, J.   The plaintiff's complaint claimed that two actions had been tried in justices' courts, in each of which the plaintiff and one Start were sworn as witnesses, and gave material testimony, and that the defendant afterwards, and on four different occasions, to wit, on or about the first of October, 1863, and the first days of January, March and June, 1864, when speaking thereof, charged that the plaintiff had sworn false, and been guilty of perjury, and had suborned Start to commit the same offense.

The answer of the defendant denied the allegations of the complaint, and in mitigation of damages alleged that, for the purpose of vexing and harassing him, the plaintiff had sued him from time to time, in justices' courts, before five or six different justices, in different towns, for petty trespasses alleged to have been committed by the defendant's cattle, of which alleged trespasses the defendant had not heard until such suits were brought; that on the trials thereof, the plaintiff was the principal witness to prove such trespasses, whereby the defendant was vexed, annoyed, harassed and irritated, and that what was said by him of the plaintiff was said while so irritated by him, and not otherwise.

On the trial the plaintiff proved substantially the causes of action, and the several allegations, as contained in his complaint, and rested.

E. J. Stoddard was sworn as a witness for the defendant, and the defendant offered to prove by him the several matters and circumstances hereinafter testified to by him as such witness. The plaintiff's counsel objected to the same, and each part thereof, as immaterial in every respect; also incompetent and inadmissible under the pleadings, either by way of defense or in mitigation of damages. The justice overruled the objections and received the evidence; to which ruling and decision the plaintiff's counsel duly excepted. The witness then testified as follows: " I acted as attorney for the defendant in the several litigations between the parties in justices' courts. The first suit was before Justice Pratt, of Utica, tried in January, 1863. There were some nine or ten suits. Two before Pratt; two before Justice Morgan, of Deerfield; two before Justice Woodward, of Whitestown; one commenced before Woodward and taken away; one before Justice White, of Oriskany, and one before Woodward, since. These were all for trespasses; all in 1863. Some of these trespasses were laid back three or four years; and all the damages were sustained before the commencement of the first suit. At the request of the defendant, on the return day of the first suit before Pratt, I went and told the plaintiff that the defendant was informed that " you intended to law him poor, and defendant told me to say to you, if you would say what amount of damages you would take, if they were reasonable he would pay them; I have the money to pay you if you will take it. The plaintiff's reply was, he would not say anything about it, but he would law Northrup until he had all the law he wanted; he had commenced in law and he would take it out in law. I said, very well, then, law it is. * * * Then the suits went on; in one

six cents damages were recovered; in one no cause of action."

To each and every part of the foregoing evidence the plaintiff's counsel in due season duly objected, on the grounds above stated. The justice overruled the same, and received the evidence, and the plaintiff's counsel duly excepted.

Stephen Northrup, a witness called for the defendant, testified in substance: "I am the defendant's father; my son and I live near each other, on my farm in Marcy, and he carries on and works my farm." The witness then testified as follows, to wit: "I never heard anything said about the suits brought by the plaintiff against the defendant before they were commenced; the suits were for small trespasses, committed several years before the suits; I was present at the trial of the suit at Deerfield Corners, brought to recover for injuries to the plaintiff's corn; I believe the jury brought in a verdict of six cents damages for the plaintiff." The whole of this evidence was in due season objected to by the plaintiff's counsel, as immaterial and incompetent under the pleadings, by way of defense or mitigation. The objections were overruled, and the plaintiff excepted.

It needs no reference to authorities to prove that in an action of slander, the defendant, either before or since the passage of the Code of Procedure, could not prove, for the purpose of diminishing the plaintiff's damages, any act or declaration of the plaintiff against *him*, unless such act or declaration formed part of the *res gestœ*.

He could prove the general bad character of the plaintiff, and any circumstances which, at the time the words charged were spoken, were calculated to irritate and excite the defendant and provoke him to the utterance of the words complained of. But it is no answer to the plaintiff's claim for damages for slander, that he has said or done anything against the defendant, whether actionable or not,

for the purpose of reducing such damages; unless such act or declaration naturally excited the defendant to use the words charged against him. In other words, there can be no set-off in an action of slander; and to admit testimony of that character is to introduce a new rule of evidence and of defense.

But while it is true that a defendant may not prove an isolated act or declaration of the plaintiff, however aggravating, which took place at some time anterior to the speaking of the slanderous words, in mitigation thereof, and which if proved would legally show that the defendant instead of being excited thereby, at the time of uttering the words charged, was rather actuated by the spirit of revenge; still it does not follow that the defendant cannot prove a *series of provocations*, on the part of the plaintiff, commencing long anterior to the speaking of the words charged; provided they are continued from time to time down to and at the time the actionable words are uttered.

In such a case, each successive repetition of the provocation must necessarily become more annoying and exciting, and although there be no motive or spirit of revenge on the part of the defendant, the excitement at each repetition of the provocation becomes more intense and unbearable, and in my judgment presents a much stronger case of mitigation than when the actionable words are uttered upon the first provocation which he receives.

But, as I have said, it must appear, in order to make such testimony competent, that it was continued down to and at the time the words were spoken. And the question here is, does the case show that such provocation existed *at the time* any of the actionable words were uttered. As to the words proved to have been spoken, on the three occasions in 1864, the provocations proved were not competent in mitigation ; because it appears from the testimony of Stoddard that the first suit, in regard to which he

had the conversation with the plaintiff, took place in January, 1863, and that *all* the suits before the justices were in that year.

Still, if the evidence was competent to mitigate the words uttered on the 1st of October, 1863, then it was the duty of the court to admit it. The real question of fact, therefore, is, does it appear from the case that the provocations continued from January, 1863, to the first uttering of the words charged; and was it then repeated, or was it then continuing? All we know in respect to that is, that it commenced in January, 1863; that there were nine justice's suits in all, in which Richardson was plaintiff and Northrup was defendant, and that all those suits were in 1863; but whether any action was pending at the time of the words spoken in October, 1863, or whether the plaintiff and defendant were together on that occasion; or whether any allusion was then made, by any one, to the defendant, in regard to such suits, or to any difficulty between the plaintiff and defendant, does not appear. And all that the defendant proved under the ruling of the court below, might well have happened, and yet, for anything which we can see from the case, there was nothing then to irritate or excite the defendant, and he may have uttered the words imputed to him, with the cool and deliberate purpose of injuring the plaintiff's character.

It may be unfortunate for the defendant that the bill of exceptions does not state the facts and circumstances which occurred at that time; but while the salutary rule prevails, that evidence of provocation, to be admissible in mitigation, must be part of the transaction, it is incumbent upon the party offering such proof to satisfy the court that it is so.

I think, therefore, the evidence offered and admitted was inadmissible, and the verdict should be set aside and a new trial granted, with costs to abide the event.

[ONONDAGA GENERAL TERM, April 2, 1867. *Morgan, Bacon, Foster* and *Mullin*, Justices.]