## SUPREME COURT.

### NICHOLAS STELLAR, agt. ABRAHAM NELLIS.

IN an action of *assault and battery*, evidence of acts done or words spoken by the plaintiff, *long before* the cause of action arose, is inadmissible for the purpose of showing provocation and mitigating the damages; yet, where such acts or words are a portion of a *series of provocations, frequently repeated and continued down to the time of the assault*, they may be proven.

*Fulton Co. Special Term; Nov. 27, 1871.*

MOTION by plaintiff to set aside inquisition in an action for assault and battery, in which plaintiff obtained a verdict for six cents damages.

J. GENTER, *attorney for plaintiff.*
P. T. WEBSTER, *attorney for defendant.*

JACKSON, J. This motion is based upon two grounds: 1st, That a man duly summoned as a juror was discharged by the sheriff at the private suggestion of the defendant; and 2nd, That evidence was improperly received, of provocation given by plaintiff a long time prior to the assault which was the subject of the action.

The first ground is not sustained by the evidence. The sheriff testifies that Conklin, the person referred to, was not summoned as a juror, and that no request or suggestion was made by the defendant or his attorney that he should be discharged, or that he should not be summoned, and the defendant and his attorney both make affidavit that they made no such request or suggestion. This evidence overcomes that presented by the plaintiff in support of the allegation.

The facts in regard to the other ground of the motion are these:

The defendant testified upon the inquisition that, at the time of the assault and before he struck the plaintiff, the plaintiff charged him with stealing, and used other insulting and abusive language. This was denied by the plaintiff, and thus the evidence in relation to such alleged provocation was conflicting, and it became a question for the jury to determine, whether or not such provocation was given by the plaintiff.

While it is well settled by the case of *Lee* agt. *Woolsey* (19 *Johns.*, 319), and several other cases, that evidence of acts done or words spoken by the plaintiff, long before the cause of action arose, is inadmissible for the purpose of showing provocation and mitigating the damages, yet where such acts or words are a portion of a series of provocations frequently repeated, and continued down to the time of the assault, they may be proven (*Richardson* agt. *Northrup*, (56 *Barb.*, 109), "as was said by justice FOSTER in this case, each successive repetition of the provocation must necessarily become more annoying and exciting, and although there may be no motive or spirit of revenge on the part of the defendant, the excitement at each repetition of the provocation becomes more intense and unbearable, and, in my judgment, presents a much stronger case of mitigation than when the actionable words were uttered (the action was slander) upon the first provocation which he receives."

The defendant had a right to assume for all purposes of the trial, that the jury would find in his favor upon the question, whether the alleged provocation was given at the time of the assault, and upon such assumption he also had the right, by the authority of the case just cited, to show, that such provocation was one of a continued series, commencing a long time before. The evidence objected to was, of the speaking and uttering by the plaintiff at various times

before the assault, the same slanderous and insulting words in reference to the defendant and within his hearing, which were alleged to have been spoken at the time the assault was committed.

Such evidence was properly received. Motion denied, with costs.