Dolan *v.* Fagan.

————•  •  •————

## Dolan *vs.* Fagan.

In an action for assault and battery, the defendant offered to prove, in mitigation of damages, a series of provocations, repeated and continued from day to day; and that every time the parties met, the plaintiff took the occasion to insult the defendant with most approbrious language, and to such an extent as to render him wild, excited, frantic and partially insane. Also, that the plaintiff had committed a most grievous injury affecting the domestic relations of the defendant; which was one of the insults with which the latter was taunted. This evidence being objected to, the judge ruled that he would allow the defendant to show anything which took place on the day of the assault, or the day before, but not what took place several days before; as in that case the defendant had time for his passions to cool. *Held* that the ruling was erroneous; and a new trial was granted.

Where there has been a determined design to continue and repeat insults for the very purpose of exciting another, and to keep him excited, and this course of conduct is repeated every day, and on every occasion, the case is not to be controlled or limited by a few hours, or by a single day.

Each case should be controlled by its own peculiar circumstances. The question should be, not how many hours have elapsed since the provocation was given, but whether, in view of the circumstances of the case, the party has had a reasonable time to cool his blood.

If it was the plaintiff's design to provoke, excite, irritate and insult the defendant on every occasion of their meeting, and by a series of such irritating and annoying provocations, he kept the defendant in an excited and frantic state of mind, it is his own fault that the defendant was not cool.

The jury ought to be permitted to hear the nature and extent of the provocation; to hear and to know how much of the beating complained of, was, if not deserved, at least caused by the provocation given.

THIS is an appeal from a judgment rendered at the circuit, upon a verdict against the defendant in an action for assault and battery, on the ground of the exclusion of evidence on the part of the defendant, offered in mitigation of damages. Exceptions were taken, and judgment stayed, to have the exceptions heard, in the first instance, at the general term.

*E. F. Terry*, for the appellant.

*Card & Brooks*, for the respondent.

*By the Court*, P. POTTER, J.   On the trial, the defendant offered to prove a series of provocations, repeated and continued from day to day; and that at every time the parties met, the plaintiff took occasion to insult the defendant with most approbrious language, and to such an extent, as stated in the proposition, as to render the defendant wild, excited, frantic and partially insane. This evidence was objected to by the plaintiff as immaterial, irrelevant and incompetent, and as too remote. The judge ruled that he would allow the defendant to show anything which took place on that day—the day of the assault—or the day before, but not what took place several days before; as the defendant had time for his passions to

Dolan *v.* Fagan.

cool. This ruling was excepted to by the defendant. And this ruling is really the only question in the case.

The offers on the part of the defendant included, also, that of showing that the plaintiff had committed a most grievous injury affecting the domestic relations of the defendant, which was one of the insults with which the plaintiff taunted the defendant.

There was never any arbitrary rule, in the courts, fixing any precise period of time, by days or hours, by which to limit the time for the passions of a party to cool. Ordinarily, one day, sometimes a few hours, would be reasonably sufficient. And this reasonable time is the only rule ever established, or held, at the circuit. The passions may have had sufficient time to cool, perhaps, in one case, when the preceding insult was offered on but a single occasion, and yet not so in another case, where there had been a determined design to continue and repeat the insults for the very purpose of exciting another, and to keep him excited, and this course of conduct repeated every day, and on every occasion. It is not reasonable to suppose that such a case is to be controlled or limited by a few hours, or by a single day. The better rule would be, that each case should be controlled by its own peculiar circumstances. The question should be, not how many hours have elapsed since the provocation was given, but whether, in view of the circumstances of the case, the party has had a reasonable time to cool his blood. For the purpose of determining this question, we have a right to assume that the defendant could have proved the provocation he proposed, by the evidence that was excluded— that it was the plaintiff's design to provoke, excite, irritate and insult the defendant on every occasion of their meeting. If this was the plaintiff's design—if, by a series of such irritating and annoying provocations, he kept the defendant in an excited and frantic state of mind—it was his own fault that the defendant was not cool. It is his

own wrongful and irritating conduct that has brought upon himself a portion of the bruising and wounding he received. Having thus caused the violence, he ought not to be allowed the advantage of damages growing out of his own wrongful conduct. The jury ought to have been permitted to hear the nature and extent of the provocation; to hear and to know how much of the beating complained of was, if not deserved, at least caused by his provocation. In such actions, the amount of damages, in some degree, is made to depend, and justly so, upon circumstances of aggravation surrounding the case, upon the one side or the other. This principle of allowing the provocation of the plaintiff to be given in evidence, has been recently recognized in the courts as sound. In *Richardson* v. *Northrup*, (56 *Barb.* 109)—a general term case—the same principle was held in an action of slander. Such mitigating circumstances were allowed to be given in evidence where the provocation was repeated and continued down to the time of uttering the slanderous words. And, as was there said: " At each repetition, the provocation must necessarily become more annoying and exciting." See, also, a special term opinion in *Stetlar* v. *Nellis*, (60 *Barb.* 524; *S. C.* 42 *How. Pr.* 164.)

I think the ruling was erroneous, and that the judgment should be reversed, and a new trial granted; costs to abide the event.

New trial granted.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1872. *Miller*, *P. Potter* and *Balcom*, Justices.]