JOHN H. PALMER, Respondent, *against* PETER LANG, Appellant.

(Decided February 5th, 1877.)

In an action for slander the defendant may show in mitigation of damages that the slanderous words complained of were spoken by him in the heat of passion, occasioned by recent conduct of a provoking character on the part of the plaintiff, and therefore *Held*, that in mitigation of damages for having called the plaintiff a thief and a scoundrel ; with having made false entries in the defendant's books, and having sold goods for the defendant and collected more than he returned or accounted to the defendant for, the defendant might show that the plaintiff had been discharged from the defendant's employ about two months previous to the time when the slanderous words were spoken, and that after his discharge the plaintiff had gone about among the defendant's customers warning them against him, saying that he would charge them usurious interest, sell them out, and break them up.

APPEAL by the defendant from a judgment of this court entered on a verdict of a jury at trial term.

The action was for slander, the alleged defamatory words being " You (meaning the plaintiff) are a thief and a scoundrel; you have made false entries in my books; you have sold flour for me, and charged and collected therefor more than you returned or accounted to me for, and kept the balance; you and Clarkson stole $3,000 from me."

The defendant on the trial offered to show in mitigation of damages the facts stated in the opinion, but the evidence was excluded.

*James Clark*, for appellant.

*Culver & Wright*, for respondent.

VAN HOESEN, J.—The charge to the jury is unexceptionable; and of all the exceptions taken only one seems to me to be well-founded. I say only one, for the three excep-

tions appearing at folios 59 and 60 are merely a single exception taken three times in succession. The defendant sought to prove in mitigation of damages that the slanderous words complained of were spoken by him in the heat of passion, occasioned by recent conduct of a provoking character on the part of the plaintiff. The plaintiff was discharged from the defendant's employ on the 29th day of August, 1874. On the 22d day of October following, the quarrel occurred in which the defendant uttered the slander. The defendant attempted to show that between the dates just given, the plaintiff had gone about among the defendant's customers warning them against him, saying he would charge them usurious interest, sell them out, and break them up.

The court excluded the questions put to the plaintiff for the purpose of showing that he had actually given the defendant the provocation of maligning him to his customers. I think such exclusion was error. The evidence shows clearly that the defendant was smarting under the injury which he believed he had received through the plaintiff's misrepresentations. The quarrel in the course of which the defendant spoke the slanderous words begun by the defendant calling the plaintiff to account for his statements respecting him. These statements, calumnies if not true, were directly connected with the slander which is the subject of this action. They were recent, frequently repeated and damaging to defendant's business. They were not disavowed when the defendant taxed the plaintiff with them. (*Richardson* v. *Northrup,* 56 Barb. 105 ; Townshend on Libel and Slander, pp. 626, 627, 628, and 629.) I think the defendant should have been allowed to prove them by the plaintiff. Had they been proven, it is very doubtful if the damages would have been swelled to a thousand dollars. Had there not been a connection between the plaintiff's misrepresentations and the defendant's slander, the ruling of the judge at the trial would have been proper.

VAN BRUNT, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.

On a motion for a reargument the following opinion was filed on April 2d, 1877.

VAN HOESEN, J.—The respondent cites two cases which he thinks were overlooked by the November general term, and which, he thinks, if they had been examined, would have led the court to a view of the law contrary to that taken in the decision. The cases referred to by the respondent were not overlooked. They were not cited because they have not the slightest reference to the point in question. The question is, whether the defendant in a libel suit may prove that the libels complained of by the plaintiff were published under the provocation of other libels published by the plaintiff concerning the defendant? To show that such proof is not proper, the respondent relies first on the case of *Lister* v. *Wright* (2 Hill, 320), which merely holds that evidence of *former controversies having no connection with the subject matter of the libels* ought not to be received.

The second case relied upon by the respondent is that of *Underhill* v. *Taylor* (2 Barb. 348), which very properly decides that irritating language spoken by the father of the plaintiff, was no excuse for the defendant's slander.

In the case at bar, the evidence showed conclusively that the words for the speaking of which this action was brought were uttered under the provocation arising from the circulation by the plaintiff of reports intended and likely to injure the defendant in business. At folios 59 and 60 of the case the defendant's counsel asked the plaintiff, who was a witness on the stand, whether he did utter the slanders which led to the hot words for which this suit was brought. The court excluded the question; and when the appeal was argued at the November (1876) general term, Judge Van Brunt and myself thought such exclusion erroneous.

It has always been the law that in actions of slander, as in actions of assault and battery, the defendant might prove

provocation so recent as as to induce a presumption that the blow or the slander was brought about by the immediate influence of the passion thus wrongfully excited by the plaintiff. In *Fraser* v. *Berkeley* (2 M. & Rob. 3), Lord Abinger admitted evidence of a provocation, namely, a libel published sometime previous to the battery.

It is for the jury to say whether the language uttered by the defendant was used because of the provocation received from the plaintiff. (*Botelar* v. *Bell*, 1 Md. 173.) Only nominal damages should be given where the parties publish defamatory matter one against the other. (Townshend on Libel and Slander, 2d edit. 414. See to the same effect *Finnerty* v. *Tipper*, 2 Camp. 72 and *May* v. *Brown*, 3 B. C. 126.)

Provocation may be proved not merely when it is contemporaneous but also when it is so recent that it may fairly be presumed that the defendant uttered his slander under its influence. It may be contemporaneous or *nearly* contemporaneous; it being for the jury to say whether the defendant was stung by the provocation into uttering the slander. (Townshend on Libel, 416.) A careful reading of the case of *Richardson* v. *Northrup* (56 Barb. 105) will show that the court did not intend to depart from the rules laid down in the cases I have cited.

The only connection that need be shown between the libel uttered by the defendant and that uttered by the plaintiff is, that the libel published by the plaintiff provoked the libel published by the defendant. (Addison on Torts, p. 996; *May* v. *Brown*, 3 B. & C. 126; *Tarpley* v. *Blabey*, 2 Bing. New Cases, 441.)

The references I have made to the testimony show clearly that the defendant was provoked into speaking the alleged slander by information which he had received that the plaintiff had slandered him in a manner calculated to injure his business; and it was error to refuse the defendant the opportunity of proving that the plaintiff had really uttered the slanders.

I am of opinion that the motion for a re-argument should

be denied, and that a new trial should be had, as previously ordered.

LARREMORE, J., concurred.

CHARLES P. DALY, Chief Justice, was in favor of allowing a re-argument on the ground that it was doubtful upon the authorities of *Lister* v. *Wright* (2 Hill, 320) and *Underhill* v. *Taylor* (2 Barb. 348) whether the evidence offered in mitigation of damages in this case was admissible, and that the case of *Richardson* v. *Northrup* (56 Barb. 105) did not go so far as to authorize the admission of the evidence offered here.

Motion for re-argument denied.