Follett, J.
This is an appeal by the defendant from a judgment entered in favor of the plaintiff upon *236 the decision of a referee. The action is upon a fire insurance policy covering a dwelling. Three defenses were litigated before the referee.
I. That the policy never took effect because it was untruly stated in the application that the dwelling was then occupied, when, in fact, it was unoccupied.
II. That the dwelling was not occupied at the time of the fire.
III. That the plaintiff failed to give immediate notice of the loss, as required by the policy.
The application which was signed by the insured, contained the following question and answer:
“Q. For what is it occupied ?” A. “Residence.”
It is stipulated that all statements contained in the application, shall be taken and deemed to be warranties on the part of the insured.
The policy provides that if the dwelling is unoccupied at the time of effecting the insurance, and it is not so stated in the application, the policy shall be null and void.
At the date of the application, and at the date of the policy, the dwelling was unoccupied, and had been for about two months.
In the complaint it is alleged, that the plaintiff informed defendant’s solicitor, who wrote the application, that the house was unoccupied, and plaintiff asked to have the contract reformed to correspond with the fact.
The application was written by a solicitor who was without power to issue policies, or to alter or modify them after they were issued. The policy was written at the home office, upon the receipt of the application, and forwarded to the insured.
The plaintiff, his wife, and two sons testified that the plaintiff told the solicitor that the dwelling was then unoccupied, and that the solicitor wrote the answers given (as they supposed) in the application. The *237 solicitor admits that he filled out the application from answers given by the plaintiff; but denies that the plaintiff told him that the dwelling was unoccupied, and swears that the plaintiff told him it was occupied. The referee found this question of fact in favor of the plaintiff, and decided that the application should be reformed so that the answer would read: “Not occupied.”
This finding we do not feel at liberty to disturb. The witnesses were before the referee, who had an opportunity to judge of their ability to correctly observe, remember and report facts, and he was in a position to better judge of their truthfulness, than this court.
When a person employed by an insurer to collect and report facts and information as to conditions of risks, writes a report of existing conditions and of the information received, which is signed by the insured in good faith, the insurer is estopped from showing the conditions or information to have been otherwise than as reported, even though the insurer relied upon the truth of the report (application) and issued a policy on the faith of it. This rule rests upon the plain reason that the person so employed is the agent of the insurer and is not the agent of the insured. The fact that the person so employed is not appointed by the insurer for that purpose, is quite immaterial, if the insurer knows the person is so acting, and ratifies his acts by issuing policies upon his reports (Rowley v. Empire Ins. Co., 4 Abb. Ct. App. Dec. 130 ; S. C., 36 N. Y. 550 ; Mowry v. World Mut. Life Ins. Co., 7 Daly, 34 ; aff’d, 74 N. Y. 360 ; Flynn v. Equitable Life Ins. Co., 78 N. Y. 568 ; Grattan v. Metropolitan Life Ins. Co., 80 N. Y. 281 ; 92 N. Y. 274).
When the insurer sets up the falsity of a report so made as a defense, the insured may show that he correctly stated the facts and recover, without demand *238 ing a reformation of the contract (Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462 ; Grattan v. Metropolitan Life Ins. Co., 80 N. Y. 281, 291-294).
The question “For what is it occupied?” and the answer reported, and the answer given, relate exclusively to the condition of the dwelling at the date of the application, which was also the date of the commencement of the risk. The condition of the risk was a fact which the solicitor was authorized to ascertain for the defendant by inspection, or by questions put to and answers received from the insured. The solicitor had been accustomed, with defendant’s approval, to write the answers in applications on which policies were subsequently issued, and thus became, by the course of business, the agent of the defendant for this purpose, and notice to him of this class of facts was notice to the defendant, and his mistake was the defendant’s mistake.
Under the facts as found by the referee, the rights and liabilities of the parties under the policy, are the same as though the application had correctly stated that the building was unoccupied.
The policy having taken effect as a valid contract of insurance upon an unoccupied dwelling, the insured was not required by the terms of the policy to obtain “written consent” that it might thereafter remain unoccupied (Short v. Home Ins. Co., 90 N. Y. 16-20). Nor is the rale changed by reason of the fact that after the policy took effect, the dwelling was occupied for a time, then vacated, and remained unoccupied until burned. The defense is not that the building was occupied, but that it was unoccupied.
The building having been insured as an unoccupied one, the second defense, that the building was not occupied at the time of the fire, is unavailing, and it need not be considered.
The third and only remaining defense, is that the *239 plaintiff failed to give the defendant immediate notice of the loss.
The fire occurred July 17, 1879. Prior to August 30 (the date not appearing), the solicitor who took the application, received notice of the fire. August 30, 1879, the defendant’s general agent called on plaintiff at his residence, talked about the fire and drafted proofs of loss, which the plaintiff signed, and were taken by the general agent to the defendant. September 1, 1879, the general agent wrote plaintiff that defendant would not pay the loss, because (1.) The premium had not been paid ; and (2.) Because the house was unoccupied at the time of the fire, and had been for a long time previously, without the written consent of the defendant.
November 26,1879, the plaintiff verified and served new and more formal proofs of loss. Afterwards this action was begun. The defense that the plaintiff had failed to give immediate notice of the loss, is not set up in the answer. The defendant retained both proofs of loss, without objection that timely notice had not been given, and its refusal to pay was based entirely upon other grounds. From these facts the referee would have been justified in finding that this defense had been waived (Bumstead v. Dividend Mut. Ins. Co., 12 N. Y. 81 ; Brink v. Hanover Fire Ins. Co., 80 N. Y. 108).
Undisputed facts sufficient- to justify such a finding appearing in the case, this court may infer, in support of the judgment that the fact was so found (Whitaker v. Chapman, 3 Lans. 155 ; Valentine v. Conner, 40 N. Y. 248.)
The appellant has not called our attention to any rulings of the referee admitting or rejecting evidence, which are claimed to be erroneous, and we find none not covered by the points discussed.
The judgment must be affirmed with costs.
Merwin and Vann, JJ., concurred.