Childs, J.
The grounds stated in the defendants’ motion for a non-suit, constitute its defense as alleged in the answer, and relied upon in the trial.
It appeared from the testimony given on the trial that Elton M. Smith the assured, at the time the policy of insurance described in the complaint was issued to him, held the title to the insured property, under a warranty deed, made by Elijah Smith and wife, September 3, 1877, and testimony was given tending'to show that such conveyance was executed and delivered, upon a good and valuable consideration. It however, appeared that after the execution and delivery of said deed, Elijah Smith, the grantor of said Elton M. Smith, united with him in the execution of two mortgages upon the real estate so conveyed to him. From this circumstance it was claimed by the defendant, that it appeared that the interest of the assured was not the entire, unconditional and sole ownership of the property for his own use and benefit, also that the evidence disclosed the fact that such conveyance was made and delivered with the intent to defraud the creditors of said Elijah Smith.
The court submitted the question of the ownership of the property to the jury with proper instructions, and the jury have found for the plaintiff, as upon the evidence they were required to do, and with that finding the defendant must be content.
The defendant had no concern with the question of the rights of the creditors of Elijah Smith. If the conveyance, as between the parties to it, operated to convey the whole title to the assured, that answered every requirement of its contract, and payment of the loss to the assured would absolve it from any possible claim made by or at the instance of a creditor of Elijah Smith or any other person. We think there was no error in any ruling of the court in respect to this defense.
The policy issued by the defendant, dated October 6,1881, upon which this action was brought, contained the following condition:
“This policy shall not be valid or binding until the premium is actually paid thereon, unless credit is given for a definite time, in this case it is covenanted as a condition of this contract that if such premium be not paid November 1, 1881, the whole amount of premium shall then be con *130 sidered as earned, and this policy shall 'be null and void, so long as any part thereof remains unpaid.
At the time Weed, the agent of defendant, took the application for this policy, he stated to the assured that if he could not pay all of the premium by the first day of November he would give him further time. About the first day of November Weed, the agent, paid the amount of the premium for this policy, $19.87, to the defendant,, and, as he testified, then looked to the assured to reimburse him, thereafter he called at the residence of Elijah Smith, the agent of the assured, for the amount of such'premium. Mrs, Smith (her husband being absent) agreed to raise a portion of the amount and leave it at a designated place in Clyde. In accordance with this arrangement six dollars, was left at Clyde for and received by W eed. In February thereafter Weed notified Elijah Smith that he had paid the defendant the amount of the premium due to it, that he had received six dollars to apply thereon and it was then, agreed that Smith should have until the first day of April, then next, to pay the balance of the amount paid by W eed. It appears that just previous to this arrangement Smith had written to defendant expressing a desire to surrender this policy; that the defendant had written to Weed to see Smith and induce him to retain the policy, and it was during the negotiations between the parties, in respect to that matter, that the arrangement, as stated, was made, Weed urging, among others, as a reason why the policy should not be surrendered, that he would lose his commissions as agent.
The insured property was destroyed by fire on the 1st. day of April, 1882, and on the same day Smith paid to Weed the balance of the premium unpaid by him. Weed accepted the same in ignorance of the destruction of the property. The agent, Weed, testified that early in March, 1882, and in his report for that month, he credited himself with the amount of premium paid by him on the policy in question as a cancelled policy, and that the sam§. was. allowed to him by the company.
Upon these facts the court held as matter of law that the payment of the premium by Weed to the defendant was a good payment of the premium to the company, and that after Weed had informed Smith that he had so advanced and paid it, neither Weed nor the company could repudiate the arrangement without the consent of Smith, that the. debt which Smith owed was a debt to Weed individually, and not a debt to the company.
We are of the opinion that in view of the agreement made by the parties, after Smith had been informed of the payment by Weed for a credit until the first day of April, that the- *131 ruling was correct, and that from the time referred to, Weed was the creditor of Smith, and could'have maintained an action in his own name, for the recovery of the amount paid by him to the defendant on account of such premium.
The application for the policy in question was written by Weed, the agent, in the presence of Smith, Weed asking questions, and from the answers filling the blanks in the application. After the application was finished, Smith signed it, and the same was retained by Weed. The application contained the following question: “Howmuch is the real estate encumbered?” To which the answer inserted in the application was “$1,000.” It appeared upon the trial that the real estate mentioned was encumbered for an amount exceeding $6,000 at the time such application was made.
The policy contained the following condition: “If the property, either real or personal, or any part thereof, shall be encumbered by mortgage, judgment, or otherwise, it must be so represented to the company in the application, otherwise this entire policy, and every part thereof, shall be void.”
It is claimed by defendant that this policy was void at time of the fire by reason of the encumbrances upon the property covered by the policy, and not disclosed to the company, or its agent, and such would doubtless be the rule, if the assured made the statement as to incumbrances contained in the application.
But it is claimed that no such statement was made by the assured or his agent, but that the same appears in the application as a result of the fraud or mistake of the defendant’s agent. There was a sharp conflict in the testimony of Smith and Weed respecting what was said by Smith in reference to incumbrances, Smith insisting that in reply to the question, he stated that the incumbrance was over $2,000, and Weed that Smith stated that “the incumbrance was just the same as it was before,” and then says that he remembered the talk when he insured Smith the first time, and that Smith told him at that time that the incumbrance was $1,000, and that he thereupon wrote that amount in the application, and that after that Smith read the application and signed it. Smith contradicts this statement, and testifies that he did not read the application, and that the same was not read to him, and that he signed it without knowing that it contained the statement in respect to incumbrances, now alleged and admitted to be untrue.
It therefore became a question of fact to be determined by the jury, and was submitted to them in a charge, now quoted with approval in the appellant’s brief. The jury have *132 by their verdict established the plaintiff’s contention, that the amount $1,000 was inserted in the application by the fraud or mistake of the agent, and without the knowledge or authority of the agent of the assured, who signed the same, and this finding seems to be abundantly sustained by the testimony, and is conclusive upon the defendant, and for that reason this defense must fail. Bennet v. Agricultural Ins. Co., 15 Abb. N. C., 234; Grattan, ex., etc., v. Metropolitan Life Ins. Co., 80 N. Y., 281; Flynn et al, adm’r, etc., v. The Equitable Life Ins. Co., 78 id., 568; Arthur v. Homestead Fire,Ins. Co., 78 id., 462; Grattan, as adm’r, etc., v. Metropolitan Life Ins. Co., 92 id., 274.
We have examined the other exceptions in the case, and find none pointing out any error calling for the interference of this court.
The judgment and order appealed from should be affirmed.
Judgment and order affirmed.
Haight and Bradley, JJ., concur.