Landon, J.
The return of the justice shows that the plaintiff appeared by Mr. Reed, who was not sworn as to his authority. But Mr. Myers also appeared as a witness, and he testified: “I am manager of the Crown Point Iron Company’s lake store; I have charge of their books; there appears by the books of the lake store that there is due from the defendant to the plaintiffs the sum of $70.59; I have looked over the account with the defendant, and he acknowledged the account to be correct and agreed to pay the same.” The defendant did not appear. The justice rendered judgment for the plaintiff for $70.59 and costs.
Although Mr. Reed was not sworn as to his authority to appear for the corporation, yet as the manager of the corporation with respect to its store, was present and sworn as a witness, we ought to presume, in order to uphold the judgment, that the corporation was present by this agent, and ratified, if that were necessary, the formal appearance of Mr. Reed. Underhill v. Taylor, 2 Barb., 348; Rickey v. Christie, 40 Hun, 278.
Suppose Mr. Reed had sworn that he was authorized by Mr. Myers, the company’s manager of its store, to appear, we think that would have been regarded as sufficient authority.
We think the presence and testimony of Mr. Myers cured the omission of Mr. Reed to be sworn as to his authority.
It was not necessary for the company to prove its corporate existence. Upon the default of the defendant it was required to prove its case. Code Civ. Pro., § 2891. But its own life, existence or capacity to sue, forms no part of its case. No issue as to either of these characteristics of the plaintiff was put in issue by the default of the defendant. Since a corporation is an artificial body the statute *429 requires that it must in its complaint give some description oí itself. Code Civ. Pro., § 1775.
What for ? So that it can be identified, found, pursued, made to give security if necessary. But this account of itself need not be proved unless the defendant puts it in issue. Section 1776. Some question is made whether these sections apply in a justices’ court.
If they do not, the principles which they embody do.
The corporation, in its complaint, gives all the particulars needful to enable the defendant to identify, pursue, find the plaintiff, and if it is a non-resident exact security from it If the defendant is content to raise no question about any of these things, the law is not so unreasonable as to vex the court with a compulsory investigation. Cases cited in which the issue was raised, do not apply.
We will not presume against the judgment that the justice did not wait an hour before proceeding to trial, in the absence of any return upon that subject. An amended return would have shown the fact, if it had existed.
The objection that the books were not produced is not well taken. It does not appear that the sum total of the accounts which the defendant promised to pay was stated in the books, and it was not error for the witness to state it.
The complaint alleged that the plaintiffs “are a corporation doing business under the name of the Crown Point Iron Company, in the town of Crown Point, Essex county, IST. Y.”
We think that is an allegation, sufficient in a justice’s court, that the plaintiff is a domestic corporation.
Judgment affirmed, with costs.
Learned, P. J., and Ingalls, J., concur.