(75 App. Div. 195.)

### GENUNG v. BALDWIN.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. ASSAULT AND BATTERY—PROVOCATION—EVIDENCE—MITIGATION OF DAMAGES.

In an action for assault and battery, articles published by plaintiff in his paper a long time prior to the assault, which defendant then objected to, but as to which he had sought out the plaintiff and become reconciled, were not admissible in evidence in mitigation of damages.

2. SAME—EVIDENCE—INSTRUCTIONS—QUESTIONS FOR JURY.

Where in an action for assault and battery the evidence as to the assault, and that it was unjustifiable, is undisputed, it is not error to instruct the jury that they should find for the plaintiff, leaving to them only the question of damages.

Appeal from trial term.

Action by George D. Genung against Henry J. Baldwin. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Frederick E. Hawkes, for appellant.

Frank A. Bell, for respondent.

FURSMAN, J. On the evening of April 20, 1901, the defendant entered the office of the plaintiff, who was an editor of a news-

¶ 1. See Assault and Battery, vol. 4, Cent. Dig. § 48.

paper published at Waverly, N. Y., and assaulted him. There was no immediate provocation for such assault. The plaintiff had published certain articles in his newspaper which the defendant deemed derogatory to his character. The last of these had been brought to the attention of the defendant some hours before the assault. The verdict of the jury, fully justified by the evidence, establishes that the assault was without justification; and the only questions to be considered are whether the learned trial justice was correct in excluding certain evidence claimed by the defendant to be competent in mitigation of damages, and in deciding that on the evidence the plaintiff was entitled to a verdict, and leaving to the jury only the question of damages. The last article published was admitted in evidence. (Exhibit B. This is mentioned at page 37 as "Exhibit 3," but is evidently Exhibit B, as stated in the answer. This is apparent from the date of the paper in which the article appears, viz., April 13, 1901.) The other articles offered and excluded were published long anterior to the assault. The anger, if any, aroused thereby in the mind of the defendant, had had ample time to cool, and had in fact cooled; for it appears that the defendant long after their publication had sought out the plaintiff, and they had become reconciled. That these articles were properly excluded, there can be no doubt. The rule is that a defendant may show in mitigation of exemplary damages that the plaintiff provoked the assault (Voltz v. Blackmar, 64 N. Y. 440), but not unless the provocation was so recent (Stetlar v. Nellis, 60 Barb. 524), or had so recently come to defendant's knowledge, as to induce the presumption that the violence was committed under the immediate influence of the anger thus presently excited (Corning v. Corning, 6 N. Y. 97).

The ruling that plaintiff was entitled to a verdict for some amount was correct. The evidence of the assault, and that it was unjustifiable, was without dispute. The defendant, in his own evidence, established a cause of action against himself. The only question, therefore, for the jury, was the amount of damages. The rule is well stated in Bulger v. Rosa, 119 N. Y. 464, 24 N. E. 853:

"The test of the right to direct a verdict is whether the court would be bound to set a verdict aside as against evidence if rendered against the party in whose favor it was directed. If this would be the duty of the court, the judge need not await the verdict before acting, but in advance may rule the question as one of law."

See, also, Dwight v. Insurance Co., 103 N. Y. 359, 8 N. E. 654, 57 Am. Rep. 729.

In the present case there is no conflict of evidence that the assault was committed, and that it was without justification. The decision of the learned trial justice in this respect was therefore correct.

Judgment and order affirmed, with costs. All concur.