MARY SHORT, Appellant, *v.* THE HOME INSURANCE COMPANY, Respondent.

A policy of fire insurance contained a provision that, in case the premises " become vacant or unoccupied, and so remain, with knowledge of the assured, without notice to and consent of the company in writing," the policy should be void.   The premises were vacant and unoccupied at the time of the insurance and so continued until the building insured was destroyed by fire.   In an action upon the policy, *held*, that there was a breach of the condition.

But *held*, that if defendant had knowledge of the facts at the time of the issuing of the policy, it was to be presumed that it by mistake omitted to express the fact in the policy, or waived the condition, or held itself estopped from setting it up, as a contrary inference would impute to it a fraudulent intent to deliver and receive pay for an invalid instrument ; and that, as the evidence tended to show defendant's agent had such knowledge, and made the insurance without regard to the condition of the premises, a refusal to submit the question of knowledge to the jury was error.

(Argued June 22, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made April 19, 1879, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

This action was upon a policy of fire insurance issued by defendant to plaintiff for one year from its date—December 9, 1876.

The material facts are set forth in the opinion.

*James M. Humphrey* for appellant. A warranty will in no case be extended by construction to include any thing not necessarily implied in its terms. (*Owen* v. *Holland Purchase Ins. Co.*, 56 N. Y. 565; *Markes* v. *Nat. Ins. Co. of N. Y.*, 24 How. Pr. 565; *Rann* v. *Home Ins. Co.*, 59 N. Y. 387; *Woodruff* v. *Imp. F. Ins. Co.*, 83 id. 134; *Hoffman* v. *Ætna Ins. Co.*, 32 id. 414; *Aurora Fire Ins. Co.* v. *Eddy*, 50 Ill. 106; *Wakefield* v. *Orient Ins. Co.*, 50 Wis. 532, 536; 22 Wall. [U. S.] 404; 50 Iowa, 561; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Dilleber* v. *Home Ins. Co.*, 69 id. 256.) The policy was valid and binding upon the defendant when issued, notwithstanding the property was vacant and unoccupied. (*Gates* v. *Madison Co. Ins. Co.*, 5 N. Y. 475; *Browning* v. *Home Ins. Co.*, 71 id. 512.) The condition in the policy was waived. To presume or hold otherwise a fraudulent intent on the part of the defendant to obtain the plaintiff's money (the premium) for an invalid policy must be assumed, which fraud he would be estopped from alleging. (*Humphrey* v. *Hartford F. Ins. Co.*, 15 Blatchf. 505; *Van Schoick* v. *Niagara Ins. Co.*, 68 N. Y. 439; *Mead* v. *W. I. Ins. Co.*, 64 id. 453; *Continental N. Bank* v. *Nat. Bk. of Comm.*, 50 N. Y. 575; *McCabe* v. *Farmers' B. Ins. Co.*, 14 Hun, 602; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 413; *Woodruff* v. *Imp. F. Ins. Co.*, 83 id. 133; *Cone* v. *N. F. Ins. Co.*, 60 id. 619; 52 Ill. 60.)

*Spencer Clinton* for respondent. The words in the policy, "vacant or unoccupied," must be construed with reference to the kind of structure or building insured. Occupation of a

dwelling-house is living in it. (*Paine* v. *Ag. Ins. Co.*, 5 N. Y. Sup. Ct. [T. & C.] 619; *Woodruff* v. *Imp. Ins. Co.*, 83 N. Y. 133; *Hermann* v. *Merch. Ins. Co.*, 81 id. 184; *Wait* v. *Ag. Ins. Co.*, 13 Hun, 371; *Hermann* v. *Adriatic Ins. Co.*, 85 N. Y. 162; *Gibbs* v. *Continental Ins. Co.*, 13 Hun, 611.) The offer to prove an intent on Mrs. Gaven's part to occupy the premises was properly rejected. (*Whitney* v. *The Black River Ins. Co.*, 9 Hun, 41.)

MILLER, J. The policy of insurance upon which this action is brought, among other things contained a provision that in case the premises " become vacant or unoccupied, and so remain with the knowledge of the assured, without notice to and consent of the company in writing," then the policy should be void. At the time the policy was issued the premises and the building thereon were unoccupied, and so continued up to the time of the destruction of the building by fire in the month of January, 1877. The proof upon the trial showed that early in December, 1876, another policy existed in a different company, which was canceled because the premises were unoccupied. The defendant's agent testified that the plaintiff's agent and husband represented that they were occupied as a saloon and a dwelling. This is denied by Mr. Short, but no evidence was given tending to show that the premises were occupied, or that they were not vacant and unoccupied upon the day that the policy was issued, or since then, and the proof showed that the occupant had left prior to that time.

In view of these conceded facts, it cannot very well be asserted that there was any serious question as to the premises being vacant and unoccupied, or that the plaintiff, in the absence of proof to the contrary, was without knowledge of the fact, and is not responsible for the knowledge and acts of her husband and her agent, in procuring the policy in question. It must, therefore, be assumed, we think, that the premises were vacant and unoccupied during the entire period of the insurance.

Having this fact in view, the question arises whether, under

a fair interpretation of the contract, the provision of the condition cited has been violated. The appellant claims that the premises did not become vacant *after* the insurance, and, even if so at the time, that the policy was effective, and the condition has not been violated. This construction is extremely technical and cannot, we think, be maintained by giving to the language employed a reasonable interpretation, and having in view the intention of the parties. The question is not only what the condition of the building was at the very moment of effecting the insurance, but after it was effected. The condition embraced the future as well as the present, and thereby it was not only to *become*, but to *remain*, vacant and unoccupied, and to say that it did not become and remain vacant because it was so at the start is a constrained and narrow construction, which is not founded upon any sound principle. If the construction we have given is correct, the condition of the policy, which within well-settled rules must be regarded as a warranty, was violated, and the defendant was justified in setting up the alleged violation of its terms as a defense.

It is insisted that the policy was binding upon the defendant notwithstanding the premises were vacant and unoccupied. This position is based upon the ground that the defendant had ample opportunity to ascertain the actual condition of the property, and that it must be assumed that he knew, and he is estopped from contradicting that it was issued as such, or that the defendant's agent knew of its condition, or regarded it as immaterial, and made the insurance without regard to its occupation. It is held that a neglect on the part of the insured to make known the fact that a building is unoccupied is not a breach of a condition in the policy avoiding it in case of any omission to make known every fact material to the risk; that the applicant has a right to suppose that the insurer will make proper inquiries, and that in making inquiries as to material facts he considers all others as immaterial, or assumes to know or waives information in regard to them; that when he fails to inquire as to occupation, unless there is proof of concealment, it is

not evidence of bad faith which will vitiate the policy, and that where no statement is made in the policy as to the occupation, it must be assumed that the insurance was made without regard to occupation. (*Browning* v. *Home Ins. Co.,* 71 N. Y. 512; 27 Am. Rep. 86; *Gates* v. *Madison M. Ins. Co.,* 5 N. Y. 475.) The agent of the defendant testified that for the purpose of making out the policy when no written application is presented, he makes inquiries and memoranda of such matters as he deems important and to suit himself, and that he did so in this case, and being in the same city and knowing where the premises were situated, with ample opportunity to ascertain their condition, it is perhaps a legitimate inference that he did not deem it important or material, and made the insurance without regard to its occupation. At least there was some evidence in this direction, and such being the case, it was a question of fact for the jury to determine whether the defendant's agent knew the condition of the premises, or regarded it as of any consequence whether the premises were occupied or otherwise, and made the insurance, without any reference whatever to the subject of occupation. If he did so, then the condition as to the future vacancy or non-occupation was nugatory and may be regarded as waived. A contrary rule would be imputing a fraudulent intent to the defendant when the policy was delivered, not to give a valid and binding policy, although receiving pay for such a one, and although plaintiff should labor under the impression that he had one. Such an imputation can only be avoided upon the theory that this condition was overlooked, and the defendant forgot or neglected to express the fact in the policy, or that it waived the condition or held itself estopped from setting it up. (See *Van Schoick* v. *Niagara Fire Ins. Co.,* 68 N. Y. 434; *Woodruff* v. *Imperial Fire Ins. Co.,* 83 id. 140.)

It is obvious, from the discussion had, that there was a serious question whether the policy was binding, although the property was not occupied, and we think the court erred in directing a verdict in favor of the defendant, and that the case should have been submitted to the jury, as requested by the

appellant's counsel, upon the evidence in regard to the question last considered.

For this error the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.