ISAAC W. BENNETT, Respondent, *v.* AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., Respondent.

An agent of an insurance company, who, with the knowledge of the company, had been in the habit of filling in applications for insurance, wrote in an application that the building on which insurance was desired was occupied as a residence by a tenant. The statement made by the applicant was that the building was unoccupied, but when occupied it was by a tenant. The applicant, supposing his statement to have been written in correctly, signed the application without noticing the misstatement. The policy contained a provision to the effect that if the building insured should cease to be occupied as a dwelling " or be so unoccupied at the time of effecting insurance and not so stated in the application," the policy shall be null and void " until the written consent of the company is obtained." In an action upon the policy, *held*, that the error of the agent could not be imputed to defendant; that the misstatement was as between the parties, that of the agent not of the plaintiff, and the fact of non-occupation must be deemed to have been stated in the application, and so, it did not constitute a breach of warranty.

After the policy was issued, a tenant took possession and occupied for a time and then moved out, leaving the house again unoccupied. It was claimed by defendant that treating the policy as a valid contract of insurance upon an unoccupied building, yet it being afterwards occupied, a discontinuance of the occupation brought the case within the first condition of the clause quoted and forfeited the policy. *Held*, untenable; that the condition applied only where the premises insured were occupied when the policy was issued; that when the insurance was upon unoccupied premises the insured had the right to leave them vacant all or any portion of the time.

On the trial the referee granted a motion on behalf of plaintiff to amend the application so as to make the statement therein conform to that actually made by plaintiff. *Held*, no error.

(Argued June 6, 1887; decided June 14, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made October 7, 1884, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was upon a policy of fire insurance. The material facts are stated in the opinion.

*A. H. Sawyer* for appellant. The plaintiff was not entitled to have the policy and application reformed. (*Price* v. *Lorillard Ins. Co.*, 55 N. Y. 240; *Meagan* v. *Hartf. Ins. Co.*, 12 Hun, 321; *Moran* v. *McLarty*, 75 N. Y. 25; *Paine* v. *Jones*, id. 593; *Casey* v. *Man. Ins. Co.*, 11 W. Dig. 198; *Bishop* v. *Clay Ins. Co.*, 49 Conn. 167; *Mead* v. *Westchester Ins. Co.*, 64 N. Y. 453; *Ford* v. *Joice*, 78 id. 618; *Bartholemcw* v. *Merc. Ins. Co.*, 34 Hun, 263; *Smith* v. *Knapp*, 18 W. Dig. 95.) Where it appears that the contract, as executed, is just the one one of the parties intended to make, and the one he understood the other intended to make, the court has no power to reform it. (*Paine* v. *Jones*, 75 N. Y. 593.) Where the relief sought is to reform a contract, that can only be granted by making the contract as both parties intended to make it. (*N. Y. Ice Co.* v. *N. W. Ins. Co.*, 31 Barb. 72; *Jackson* v. *Andrews*, 59 N. Y. 244, 247; *Ledyard* v. *Hartf. F. I. Co.*, 24 Wis. 497.) The failure of the plaintiff to acquaint himself with the statements in the application, after having had ample time and opportunity to do so, is such negligence as will prevent a reformation of the contract or a recovery thereon. (*Pindar* v. *Resolute Ins. Co.*, 47 N. Y. 114; *Moran* v. *McLarty*, 75 id. 25; *Fowler* v. *Trull*, 1 Hun, 409; *Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132; *Kirkland* v. *Dinsmore*, 62 id. 171; *Sus. Mut. Ins. Co.* v. *Swank*, 12 Ins. L. J. 625; *Penn. R. R. Co.* v. *Shay*, 3 W. Dig. 217; *Ervin* v. *N. Y. C. I. Co.*, 3 T. & C. 213.) Either the contract must stand as it is or then no contract of insurance was ever made, because the minds of the parties never met upon any other, and in either event there can be no recovery. (*Hughes* v. *Merc. Ins. Co.*, 55 N. Y. 265; *N. Y. Ice Co.* v. *N. W. Ins.*

*Co.*, 31 Barb. 72; *Le Roy* v. *Market Ins. Co.*, 45 N. Y. 82.) Under the plain provisions of the policy the dwelling-house insured ceased to be occupied, etc., some months prior to the fire, without consent, was so unoccupied at the time of the fire and that there can be no recovery in this action. (*Herrman* v. *Adriatic Ins. Co.*, 85 N. Y. 162; *Barry* v. *Prescott Ins. Co.*, 35 Hun, 601; *Paine* v. *Agri. Ins. Co.*, 5 T. & C. 619; *Sonniborn* v. *Manuf. Ins. Co.*, 15 Vroom. [N. J.] 220; *Bennett* v. *Agri. Ins. Co.*, 50 Conn. 420; *Corrigan* v. *Conn. Ins. Co.*, 122 Mass. 298; *Ashworth* v. *Builders' Ins. Co.*, 112 id. 422; *Cook* v. *Cont. Ins. Co.*, 70 Mo. 610; *Thayer* v. *Agri-Ins. Co.*, 5 Hun, 566; *Keith* v. *Quincy Ins. Co.*, 10 Allen, 228; *Franklin Sav'gs Inst.* v. *Cont. Ins. Co.*, 119 Mass. 240; *Am. Ins. Co.* v. *Padfield*, 78 Ill. 167; *Etna Ins. Co.* v. *Meyer*, 63 Ind. 238; *Dennison* v. *Phœnix Ins. Co.*, 52 Ia. 457.)

*D. A. King* for respondent. Defendant having treated Kellogg as its agent and allowed him to hold himself out to the world as such has not the right to deny it. (*N. R. B'k* v. *Aymer*, 3 Hill, 262; *Andrews* v. *Kneeland*, 6 Cow. 354, 357; *Farmers & Mech. B'k* v. *Butch. & Drov. B'k*, 16 N. Y. 125; *Nat. U. B'k* v. *Landon*, 66 Barb. 189; Dunlap Paley on Agency, 161; *Kelly* v. *Fall Brook C. Co.*, 4 Hun, 261; *Armour* v *Mich. C. R. R. Co.*, 65 N. Y. 111; *Van Schoick* v. *Niag. F. Ins. Co.*, 68 id. 434; *Davis* v. *Lamar Ins. Co.*, 18 Hun, 230, *Partridge* v. *Com. F. Ins. Co.*, 17 id. 95, 97.) An agent authorized to take applications for insurance should be deemed to be acting within the scope of his authority when he fills up the blank application, and if, by his fault or negligence, it contains a material misstatement not authorized by the instruction of the party who signs it, the wrong should be imputed to the company and not to the insured. (*Rowley* v. *Em. Ins. Co.*, 36 N. Y. 550, 553, 554; 4 Abb. Ct. App. Dec. 131; *Plumb* v. *Catt. Ins. Co.*, 18 N. Y. 392; *Owen* v. *Holland Purch. Ins. Co.*, 56 id. 571; *Mowery* v. *Rosendale*, 74 id. 360, 363, 364; *Taylor* v. *Mut. Ben. I. Co.*, 10 Hun, 52, 55; *Gates* v. *Penn. F. I. Co.*, id. 489; *Maher* v. *Hib. F. I. Co.*, 67 N. Y. 283; 6 Hun, 353; *Van*

*Schoick* v. *N.F. Ins. Co.*, 68 N. Y. 434.) Kellogg having, to the knowledge of the defendant, acted as agent, and defendant having employed him as such, and permitted him to sign his name as agent, the question is not wholly what power plaintiff intended to give him, but what power a third person, and particularly the person dealing with him, had a right to infer from his acts and those of the plaintiff, he possessed. (*Owen* v. *Cawley,* 36 N. Y. 604, 605 ; *Johnson* v. *Jones,* 4 Barb. 369 ; *Whitbeck* v. *Schuyler,* 31 How. 97 ; *Bridenbecker* v. *Lowell,* 32 Barb. 9, 18 , *Davis* v. *Lamar I. Co.,* 18 Hun. 230 ; *Partridge* v. *Com. F. I. Co.,* 17 id. 95.) If the plaintiff answered the questions truly, as found by the referee, he is absolved from responsibility for errors or mistakes or fraud of the agent, and the insurers are estopped from denying their truth as given, or will be considered as waiving the condition. (*Flinn* v. *Eq. L. Ins. Co.,* 78 N. Y. 568, 577 ; *S. C.,* 9 W. Dig. 324 ; 15 Hun, 521 ; *Broadhead* v. *Lyc. F. Ins. Co.,* 14 id. 452, 455 ; *Reynolds* v. *Kenyon,* 43 Barb. 600, 602 ; *Treman* v. *Allen,* 15 Hun, 4 ; *Bodine* v. *Killeen,* 53 N. Y. 93 ; *Grattan* v. *Met. Ins. Co.,* 92 id. 274 ; 29 Weekly Underwriter, 353.) Warranty does not extend to known defects. Knowledge by or notice to the agent is knowledge of and notice to the principal, and with such knowledge the defendant cannot be permitted to say it never assumed the risk. (*Bennett* v. *Buchan,* 76 N. Y. 386 ; *Haight* v. *Cont. Ins. Co.,* 92 id. 51 ; *Woodruff* v. *Imp. F. Ins. Co.,* 83 id. 133, 140 ; *Van Schoick* v. *Nia. F. Ins. Co.,* 68 id. 434 ; *Aurora F. Ins. Co.* v. *Krainch,* 36 Mich. 289 ; *Williams* v. *Niag. F. Ins. Co.,* 50 Ia. 561 ; *Couch* v. *Roch. G. Ins. Co.,* 25 Hun, 469 ; *Bennett* v. *N. B. & Mer. Ins. Co.,* 81 N. Y. 273.) Knowledge of the agent was knowledge of the company, and the issuing of the policy with full knowledge that the building was unoccupied was a waiver of the conditions as to unoccupancy, or operated as an estoppel against the company. (*Broadhead* v. *Lycoming Ins. Co.,* 14 Hun, 452 ; *Van Schoick* v. *Niag. F. Ins. Co.,* 68 N. Y. 434 ; *Cone* v. *Niag. F. Ins. Co.,* 3 T. & C. 33 ; 60 N. Y. 619 ; *Couch* v. *Roch. G. Ins. Co.,* 25 Hun, 469 ;

*Woodruff* v. *Imp. Ins. Co.*, 83 N. Y. 133.) The defendant having put its refusal to pay expressly on the non-occupancy of the building, and alleged non-payment of premium, waived of any want of notice, or notice will be presumed. (*Hermann* v. *Niag. F. Ins. Co.*, 100 N. Y. 411; *Owen* v. *Far. Joint St'k Ins. Co*, 57 Barb. 511; *Bumpstead* v. *Div. Mut. Ins. Co.*, 12 N. Y. 81, 97; *Craighton* v. *Agr. Ins. Co.*, 39 Hun, 319; *Brink* v. *Han. F. Ins. Co.*, 80 N. Y. 108; *Griffey* v. *N. Y. C. Ins. Co.*, 100 id. 417; *Boice* v. *Thames & Mersey Ins. Co.*, 38 Hun, 246, 250 ; *Post* v. *Ætna Ins. Co.*, 43 Barb. 351, 365, 370.) The plaintiff was entitled to a reformation of the application, which, by the terms of the policy, is made a part of it. (*Myer* v *Lathrop*, 73 N. Y. 315 ; *Alb. City Savgs' Inst.* v. *Burdick*, 87 id. 40 ; *Kilmer* v. *Smith*, 77 id. 226 ; *Van Tuyl* v. *Westchester Ins. Co.*, 55 id. 657 ; *Hay* v. *Star F. Ins. Co.*, 13 Hun, 496, 500.) The answer as written was, in legal contemplation, fraud. (*Bidwell* v. *Astor Ins. Co.*, 16 N. Y. 263 ; Story's Eq. Jur., §§ 153, 154, 155, 158 ; *Rider* v. *Powell*, 28 N. Y. 310 ; *Maher* v. *Hib. Ins. Co.*, 67 id. 283 ; *Cone* v. *Niag. F. Ins. Co.*, 3 T. & C. 33 ; 60 N. Y. 619.) If there is any doubt as to the meaning of the words of the policy, that construction should be taken which is most unfavorable to the party using it, and should be rigidly applied. (*Edsal* v. *Camden & A. R. R. Co.*, 50 N. Y. 661; *Hermann* v. *Merch. Ins. Co.*, 81 id. 184; *Dilleber* v. *Home L. Ins. Co.*, 69 id. 256.) Where a breach of warranty is relied upon by an insurance company as a ground of forfeiture, the warranty is to be construed strictly against the company. (*Mowry* v. *W. Mut. L. I. Co.*, 7 Daly, 321; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405, 414; *Livingston* v. *Stickles*, 7 Hill, 255.) Courts will strive to uphold the contract, and will construe conditions and provisions of a policy strictly against an underwriter, entailing a forfeiture or limiting liability. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *McMaster* v. *Ins. Co. of N. A.*, 55 id. 222; 64 Barb. 536; *Allen* v. *St. Louis Ins. Co.*, 85 N. Y. 473.) Conditions and

provisions in policies of insurance are to be construed strictly against the underwriters, and every intendment is to be made against a construction of a contract under which it would operate as a snare. (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405.) Where the language of the promisor may be understood in more senses than one, it is to be interpreted in the sense in which he has reason to suppose it was understood by the promisee. (*White* v. *Hoyt*, 73 N. Y. 505, 511; *Johnson* v. *Hathorn*, 2 Abb. App. Dec. 465, 468; *Potter* v. *Ontario Ins. Co.*, 5 Hill, 147; *Hoffman* v. *Ætna Ins. Co.*, *supra*; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417, 421.)

ANDREWS, J. The defense, based upon the statement in the application for insurance, that the house at the time of the application was occupied as a residence by a tenant, when in fact it was vacant and unoccupied, was met on the trial by evidence on the part of the plaintiff that the application was taken by Kellogg, the solicitor and agent of the defendant, who furnished the printed form of application used by the defendant, and propounded the questions to the plaintiff, and assumed to enter in writing in the blanks left for that purpose in the application, his answers, and that although Kellogg was correctly informed by the plaintiff that the house was unoccupied, but that when occupied it was occupied by a tenant or hired man, he untruly represented the plaintiff as answering that the house was occupied as a residence by a tenant, and that the plaintiff, supposing that the answers given by him to the questions were correctly entered, signed the application without noticing the misstatements. There was a conflict of evidence as to what occurred. The agent Kellogg testified that the answers were entered as given. The referee, however, found upon this issue in favor of the plaintiff, whose testimony was corroborated by several witnesses, and the finding, having been sustained by the General Term, is conclusive in this court. The agent Kellogg in taking the application was acting within the scope of his authority. He had been accustomed, with the knowledge of the defendant, to

fill in the answers of applicants for insurance in the printed forms of application used by the company. Upon the case as it stands it must be assumed that he was informed by the plaintiff that the house was unoccupied. His error in incorrectly inserting the plaintiff's answers, cannot be imputed to the plaintiff or deprive him of the benefit of the policy. If the plaintiff, as found by the referee, answered the questions truly, he is absolved from responsibility. The misstatements in the application were, as between the parties, those of the defendant's agent, and not of the plaintiff, and did not constitute a breach of warranty by the assured. The authorities in this State are quite decisive in support of this view. (*Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550; *Flynn* v. *Equitable Life Ins. Co.*, 78 id. 568; *Grattan* v. *Metropolitan Life Ins. Co.*, 80 id. 281.) The referee pursuant to the prayer of the complaint, reformed the application by inserting the answers as given by the plaintiff, as of the date of the application, and the evidence justified this relief. The defendant insists that treating the policy as having taken effect as a valid contract of insurance upon an unoccupied dwelling, there was a breach of a condition subsequent contained in the policy, which rendered it void. The policy was issued in August, 1876, for the term of three years. In April, 1878, a tenant was let into possession of the house, and occupied it until November, 1878, when he moved out and the house remained unoccupied from that time until the fire, July 17, 1879. The claim is that although the house was insured as unoccupied, yet as the plaintiff afterwards, during the life of the policy, occupied it for a time by a tenant, he could not thereafter discontinue the occupation during the subsequent life of the policy, and leave the premises vacant without forfeiting the insurance. The policy contains these among other conditions: " If the dwelling house or houses herereby insured, shall cease to be occupied by the owner or occupant in the usual and ordinary manner in which dwelling-houses are occupied as such, or be

so unoccupied at the time of effecting insurance, and not so stated in the application ; then, and in every such case, or in either of said events, this policy shall be null and void until the written consent of the company at the home office is obtained." The defendant bases his contention upon the first of the conditions above quoted. It is plain, we think, that this condition was intended to protect the company against an increase of risk, by leaving premises vacant which were occupied at the time the insurance was effected, and that it has no application to a risk taken on an unoccupied dwelling-house. The cost of insurance is regulated by the hazard, and when the company insure a vacant building, it charges an equivalent for its undertaking, and if the contract contains no provision limiting the vacancy, it may continue during the whole time of the policy and the premium presumably covers the risk. The condition in question imposes no obligation upon the owner of a dwelling-house, insured as vacant property, to occupy it for any period during the running of the policy, and it must be conceded that if the plaintiff had permitted the house to remain vacant during the whole time after the policy was issued, to the fire, there would have been no defense founded upon the condition in question. The claim is that the plaintiff, having voluntarily put a tenant in possession, although he was not bound to do so, could not, thereafter, terminate the tenancy without forfeiting the insurance. We think this construction of the condition is not admissible. The conditions which precede the one in question relate to acts or conditions occurring subsequent to the contract, which change the risk and increase the hazard. The condition in question is of the same character. It does not permit the owner of a dwelling-house insured as an occupied house, to increase the hazard by allowing it to become vacant, without the consent of the company. If it is unoccupied when insured, the fact must be stated in the application. The fact of non-occupation was stated in the application as reformed, and was known to the agent, who should have stated it in the applica-

tion as originally furnished. As between the company and the plaintiff, it must be deemed to have been stated.

The question as to notice of loss was properly decided.

We think the judgment is right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.