ANDREW GRUBIAK, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Second Department, February 6, 1925.

Insurance — life insurance — action by beneficiary to recover on policy — under Insurance Law, § 58, beneficiary is estopped from showing that insurance agent and medical examiner knew true facts which were misrepresented in application — statement that insured had not received treatment in hospital was false and material.

A beneficiary named in a life insurance policy is estopped by section 58 of the Insurance Law, in an action on the policy in which the insurer interposes a defense that the insured made false and fraudulent representations in her

application for the policy, from alleging and proving that the insurance agent and the medical examiner for the insurer were both aware of the true facts and knew that those facts were not stated in the application.

The statement by the insured that she had never received or applied for treatment in any hospital was, under the evidence, a false representation of a material fact.

APPEAL by the defendant, John Hancock Mutual Life Insurance Company, from a judgment of the City Court of Yonkers in favor of the plaintiff for $722.43, entered in the office of the clerk of said court on the 2d day of February, 1924, upon the verdict of a jury.

*William O. Gennert* [*Frederick C. Tanner* with him on the brief], for the appellant.

*John J. Finn,* for the respondent.

JAYCOX, J.:

The plaintiff (beneficiary) has recovered a judgment against the defendant (insurer) upon a policy of life insurance. By appropriate references thereto the application was made a part of the policy of insurance and a copy of it was made a physical part of said policy and delivered to the insured. The defendant sought to escape liability thereon on the ground that certain statements made by the insured were false, to her knowledge, and, therefore, constituted warranties and that the defendant relied upon those representations in issuing the policy and as soon as it learned of their falsity had rescinded or attempted to rescind the policy.

Upon the trial the defendant gave evidence which would have justified a finding that the policy was void for a breach of the warranties therein or that the policy had been rescinded because of the false representations therein. The plaintiff was then permitted to give evidence tending to show that the defendant was not in fact deceived at all; that the agent who acted for the defendant in soliciting the insurance and the doctor who examined the insured for defendant were both aware of the true facts and knew they were not stated in said application.

Section 58 of the Insurance Law provides that " Every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void." Prior to the adoption of this section

the plaintiff might have escaped the effect of the insured's false statements by showing that the insurer was not in fact deceived because it was informed of the true facts but they had not been included in the application. (*Sternaman* v. *Metropolitan Life Ins. Co.*, 170 N. Y. 13.) Since the adoption of this section, however, that line of proof is no longer open to plaintiff. (*Bollard* v. *New York Life Ins. Co.*, 98 Misc. 286; 182 App. Div. 915; 228 N. Y. 521; *Baumann* v. *Preferred Accident Ins. Co.*, 225 id. 480; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 id. 586.) I know of no question that has been more directly and positively determined. In this court the decision in the *Stanulevich Case* (183 App. Div. 111) was placed squarely upon the ground that "the defendant, which through its agent knew the actual facts, cannot be held to have issued the policy relying on the representation, and, therefore, cannot rescind." In the Court of Appeals the decision was reversed and the complaint dismissed upon the ground that the plaintiff could not maintain the action.

The effect of the statute is to apply to contracts of insurance the same rule as to estoppel that is applicable to ordinary contracts, which is stated by the Court of Appeals as follows: "It is undoubtedly the general rule that a written contract signed by a party thereto and containing the terms and conditions of an agreement, is conclusive upon him, and that he will not be permitted to show, in avoidance thereof, that other stipulations were made at the time of, or before, its execution, which would vary, alter, or contradict the provisions of the written instrument." (*Miller* v. *Phœnix Mutual Life Ins. Co.*, 107 N. Y. 292, 296.) As the testimony introduced violated this rule it was incompetent.

At the conclusion of the case the defendant moved that a verdict be directed in favor of the defendant upon the ground that a material false representation had been made and that certain warranties contained in the application were false, it having been stated that the insured had never been treated in a hospital and it now appearing that that statement was false. This motion was based on a claim that the false statement was a warranty and also a representation. The statement in the application was: "I have never received or applied for treatment at or in any hospital, dispensary, sanitarium, cure or other institution."

The proofs of death furnished by the plaintiff showed that the insured was admitted to the Harlem Hospital on February 9, 1920, and discharged on March 6, 1920, and the diagnosis was "carcinoma of cæcum."

Upon a former trial the plaintiff testified that the insured was in the Harlem Hospital about eight months before the policy was

issued and that while there an operation was performed on her and that testimony was read in evidence upon this trial. Upon being called in rebuttal upon this trial the plaintiff admitted that the insured had been in the Harlem Hospital but says he was not present when the operation was performed and only knew of it by being told of it and never knew what was the matter with his wife until the first trial of this action. He also testified that when solicited to insure his wife (the insured) he told the agent, " My wife is sick and maybe the doctor won't pass her." He says that he also told the agent his wife had been in the hospital.

The proofs of death show that the immediate cause of death was " cachexia," and the primary cause " lympho sarcoma of pelvis."

The undisputed evidence, therefore, shows that the statement in the application that the insured had never received or applied for treatment at a hospital was false. That it was material, I think there can be no doubt. Neither can I see any escape from the conclusion that it was fraudulent.

The judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs.

Present — KELLY, P. J., JAYCOX, KELBY, YOUNG and KAPPER, JJ.

Judgment of the City Court of Yonkers reversed upon the law, with costs, and complaint unanimously dismissed, with costs.