LEW A. SATZ, Plaintiff, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant.

City Court of New York, September 21, 1925.

**Insurance — theft insurance — answer to plaintiff's complaint in action on policy of theft insurance alleged breaches of warranties on plaintiff's part — parol evidence not admissible to show knowledge in insurance company prior to issuance of policy in absence of allegation of fraud — reply, setting up defense of knowledge in agent and estoppel, insufficient — complaint dismissed.**

Parol evidence may not be received to show knowledge in an insurance company prior to the issuance of a policy. But proof of facts to show fraud on the part of the insurance company does not violate the parol evidence rule where fraud is pleaded.

Accordingly, defendant's motion for judgment dismissing plaintiff's complaint, in an action on a policy of theft insurance, should be granted, where said plaintiff, to avoid the allegations in defendant's answer which alleged certain breaches of warranties on plaintiff's part with respect to prior declinations by other companies and cancellations of other policies, set up in his reply that the true facts thereof were made known to defendant's agent prior to the issuance of the policy

and that, therefore, the defendant was estopped from denying said facts, since proof of knowledge by said agent of any fact contrary to that appearing in the policy in the absence of any allegation of fraud, would violate the parol evidence rule.

Motion by defendant for judgment dismissing complaint on ground that reply to affirmative defenses raises no issue.

The policy of insurance contained a schedule of warranties and immediately under the heading " Schedule " were the following words: " Statements herein contained are made the basis of this insurance, and the assured, by the acceptance of this policy, hereby warrants them to be true."

The policy also contained on its cover the following words in bold black type: " Please Read Your Policy."

The policy expressly provided that the defendant, " in consideration of the payment of the premium and of the statements contained in the schedule hereof, which statements the assured makes on the acceptance of this policy and warrants to be true, hereby agrees to indemnify," etc.

Plaintiff's reply to the affirmative defenses of breaches of warranties was that the agent of the defendant knew of the true facts when the application for the insurance was made. No fraud was alleged, nor any excuse given why plaintiff did not read the policy, or why he accepted the policy containing the false warranties.

The motion for judgment dismissing the complaint was based on the following grounds:

(a) All alleged prior conversations between plaintiff's broker and the agent of the defendant became merged in the written contract or policy when accepted by the plaintiff.

(b) The assured should have read his policy, and, on accepting it, warranted, as a matter of law, that the statements contained in the schedule were true, and he became bound by the warranties, regardless of all alleged prior conversations underlying the application for the insurance.

(c) Parol evidence was inadmissible to vary, alter or modify the terms and warranties contained in the policy.

(d) And, as the plaintiff had proceeded on the policy as it is written, and since parol evidence would be inadmissible to change it, the reply presents no issue as a matter of law.

*A. B. Nathan,* for the plaintiff.

*Rifkind & Reilley,* for the defendant.

Callahan, J.:

This is an action on a policy of theft insurance. The answer asserts certain breaches of warranties on the part of the assured

with respect to declination by other companies and cancellations of prior policies (fourth and fifth defenses). Plaintiff's reply concedes that such warranties were contained in the policies and concedes that the facts were contrary to those warranties. He seeks to avoid same, however, by setting forth in his reply that the true facts with relation to prior declinations by other companies and cancellations of other policies were made known to defendant's agent prior to the issuance of the policy and that defendant is accordingly estopped from asserting the defenses pleaded. Defendant contends that no such estoppel arises, for the reason that in order to prove knowledge by the agent of any contrary fact the parol evidence rule would be violated. Plaintiff, in turn, argues that parol evidence may be received to show knowledge by the insurance company before the issuance of the policy, citing *Van Schoick* v. *Niagara Fire Ins. Co.* (68 N. Y. 434) and *Lewis* v. *Guardian Fire & Life Assur. Co.* (181 id. 392, 395). The state of the law with respect to this interesting question is somewhat uncertain. By statute (Ins. Law, § 58) this situation nothing shall be incorporated in the policy unless indorsed upon it. This has been held by the Appellate Division, Second Department, in the case of *Grubiak* v. *John Hancock Mutual Life Ins. Co.* (212 App. Div. 126) to prevent recovery by the basis of estoppel such as plaintiff claims here. This statute, however, is confined to life insurance contracts. (*Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480.) The common-law rule seems to apply here. That rule, in this State, permits proof of facts to show fraud on the insurance company's part on the basic principle, well settled in law, that proof of such fraud does not violate the parol evidence rule. Plaintiff here does not plead fraud. Its claim is one of estoppel based on alleged knowledge of the true facts by the defendant and its agent prior to the issuance of the policy. The weight of authority does not sustain such a defense. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 412, 415; *Gaines* v. *Fidelity & Casualty Co.*, 188 id. 411; *Baumann* v. *Preferred Accident Ins. Co.*, *supra; Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586, 587.) The contrary view appears to have been taken by the Appellate Division, Fourth Department, in the case of *Hessler* v. *North River Ins. Co.* (211 App. Div. 595), but I feel bound by the decisions of the Court of Appeals above cited, and hence decide accordingly. No plea of waiver by act of an agent, which relates to something subsequent to the making of the contract, is involved here. This determination renders unnecessary a consideration of the other questions raised. Motion to dismiss complaint granted. Order signed.