LEW A. SATZ, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 18, 1925.

Insurance — burglary insurance — warranties may be avoided by proof that insurer knew actual facts — Insurance Law, § 58, limited to life insurance policies.

Warranties on a policy of burglary insurance may be avoided by proof that the insurer knew the actual facts when the policy was written and that the facts were such that the warranties could not be true.

Section 58 of the Insurance Law, providing that in the absence of fraud all statements purporting to be made by the insured shall be deemed representations and not warranties, is limited in its application to life insurance policies.

APPEAL by plaintiff from an order of the City Court of the City of New York granting defendant's motion for judgment on the pleadings and from the judgment entered thereon.

*Alfred B. Nathan*, for the appellant.

*Rifkind & Reilly* [*Albert J. Rifkind* and *Thomas T. Reilly* of counsel], for the respondent.

CHURCHILL, J. The single question presented by the appeal is whether warranties on a policy of burglary insurance may be avoided by proof that the insurer knew the actual facts when the policy was written and that the facts were such that the

warranties could not be true. It was held below that such knowledge on the part of the insurer is immaterial and hence that the defendant was entitled to judgment, the falsity of the warranties being admitted.

We disagree with the conclusions so reached. The contrary principle appears to be established by numerous decisions. (*Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Robbins* v. *Springfield Fire Ins. Co.*, 149 id. 477; *Forward* v. *Continental Ins. Co.*, 142 id. 382; *Lewis* v. *Guardian Fire & Life Assur. Co.*, 181 id. 392; *New York, etc., Assn.* v. *Westchester Fire Ins. Co.*, 110 App. Div. 760; affd., 189 N. Y. 525; *McClelland* v. *Mutual Life Ins. Co.*, 217 id. 336; *Thebaud* v. *Great Western Ins. Co.*, 84 Hun, 1; affd., 155 N. Y. 516.)

The opposite result has been reached in actions against life insurance companies upon policies written since the enactment of section 58 of the Insurance Law. (*Bollard* v. *N. Y. Life Ins. Co.*, 228 N. Y. 521; *Stanulevich* v. *St. Lawrence Life Assn.*, Id. 586; *Grubiak* v. *John Hancock Mut. Life Ins. Co.*, 212 App. Div. 126.) But the cases first cited have not been overruled and the statute only applies to life insurance policies. (*Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480.)

The order and judgment must be reversed, with costs, and the motion denied, with ten dollars costs.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.