CONNECTICUT FIRE INS. CO. OF HART-
FORD, CONN., v. EVANS.*.

No. 6275.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1931.

*Rehearing denied January 9, 1932.

Will C. Thompson, of Dallas, Tex., for appellant.

H. E. Jackson, of San Angelo, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

The appellant insurance company issued a $15,000 policy of fire insurance on more than 400 separate abstracts of title to as many tracts of Texas lands, naming Grady Evans, appellee, as the assured. The policy covered the abstracts wherever they might be in Texas, and described them as the property of Evans, but in the event of a loss required the formal proof to state the interest not only of Evans but of all others. It limited liability to the cost to the assured of replacement. The abstracts were the property of the Sugg estate, and had been prepared for it by Evans, who was engaged in the business of making abstracts of public records. The Sugg estate desired to have Evans bring the abstracts down to date, and Evans wanted to take them with him into the several counties in which the lands involved were located. Evans, who had already been paid for making the abstracts, agreed with the Sugg estate that he would be responsible for their safe return; and in order to protect himself against loss by fire he applied to appellant's local agent, fully explaining the kind of insur-

ance he wanted as well as the ownership of the abstracts by the Sugg estate. There was no written application for the insurance, but the information received from Evans was transmitted by the local agent through the state agent to appellant at its home office, and it, with full knowledge of all the facts, issued the policy. After Evans had completed his work of supplementing the abstracts, and while he was on his way with them in his automobile to return them to the Sugg estate, they were accidentally burned up as the result of his automobile catching on fire. Evans, as he had agreed to do, made new abstracts and delivered them without additional cost to the Sugg estate to take the place of the ones destroyed, but at a cost to himself, according to his testimony, of nearly $13,000. He afterward brought suit on the policy, and the insurance company defended on the ground that the abstracts destroyed were not his property; but the District Judge held that he was entitled to recover the cost to him of the new abstracts. The jury rendered a verdict upon which judgment was entered against appellant for slightly less than the amount which appellee claimed.

Evans had an insurable interest in the abstracts, as he was under obligation to the Sugg estate to replace at his own expense such of them as he might lose or fail to return. He therefore had the right as bailee to insure his interest in his own name and to recover from the insurer the full amount payable under the policy. Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527, 23 L. Ed. 868; California Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 S. Ct. 365, 33 L. Ed. 730. See also 3 R. C. L. 107; 14 R. C. L. 913. He breached no warranty as to ownership, for he made none. On the contrary, he made full disclosure of the fact that the title to the insured property was held by another. The policy, although it described the property insured as that of Evans, required the proof of loss to state the interest of others than the assured. It did not contain the usual clause to the effect that it should be void or unenforceable unless Evans were the sole and unconditional owner. By reason of his contract with the Sugg estate, Evans had the same interest in the abstracts while they were in his possession as he would have had if he had been the owner, and the company knew that his whole purpose in applying for the insurance was to protect that interest in the event of loss by fire. Under these circumstances the insurer cannot avoid liability merely because, without being requested to do so, it described the abstracts in the policy as the property of the assured. Fletcher v. Ins. Co., 18 Pick. (Mass.) 419; Bennett v. Ins. Co., 106 N. Y. 243, 12 N. E. 609; Gristock v. Ins. Co., 87 Mich. 428, 49 N. W. 634; McElroy v. Assurance Co. (C. C. A.) 94 F. 990, 1000; Commercial Union Assur. Co. v. Jass (C. C. A.) 36 F.(2d) 9.

It is also contended that the verdict was excessive, but as it was fully sustained by appellee's evidence we are of opinion that it should not be disturbed.

The judgment is affirmed.